IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES ARTHUR ROSS,

    Plaintiff,

v.

STEVE FRANKE, Eastside Inst. Admin., et al.,

    Defendants.

Case No. 2:18-cv-00240-YY

ORDER TO DISMISS

SIMON, Judge.

Plaintiff, an inmate at the Two Rivers Correctional Institution ("TRCI"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered by this date, the Court granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed.

## BACKGROUND

In the caption of his Complaint, Plaintiff identifies only Defendant Steve Franke. In the section of his Complaint titled "Parties," however, Plaintiff identifies as additional Defendants John Myrick, S. Martin, R. Shaffer, M. Wilson, and L. Brown.

1 - ORDER TO DISMISS -

Plaintiff's Complaint alleges two claims for relief. In the first claim, Plaintiff alleges that he requested an indigent envelope to mail a supplemental *pro se* brief to his attorney for filing with the Oregon Court of Appeals. Plaintiff alleges law library coordinators S. Martin and R. Shaffer refused to give Plaintiff an envelope, stating that indigent envelopes were not allowed for general correspondence with attorneys. Plaintiff grieved the incident, and was ultimately found to be correct in his assertion that he should have received the indigent envelope to mail his supplemental *pro se* brief to his attorney. Plaintiff alleges that his attorney obtained an extension of time, and that he was ultimately successful in filing his brief. Plaintiff alleges he has also been denied indigent envelopes for mail addressed to the attorney general, but Plaintiff does not describe the type of mail he was prevented from sending.

In Plaintiff's second claim, he alleges that the law library and inmate legal assistants at TRCI are insufficient. Plaintiff also complains that he cannot access old legal documents stored on a thumb drive, and must use a typewriter to prepare new legal documents. Plaintiff does not allege he has suffered any injury as a result of the alleged insufficiencies.

By way of remedy, Plaintiff seeks money damages and injunctive relief requiring that inmates be allowed indigent envelopes to correspond with their attorneys, and requiring that TRCI's law library and inmate legal assistant program be upgraded.

## **STANDARDS**

A district court must dismiss an action initiated by a plaintiff proceeding *in forma pauperis* if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In order to state a claim, a plaintiff must allege facts which, when

2 - ORDER TO DISMISS -

accepted as true, give rise to a plausible inference that the defendants violated the plaintiff's rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (internal quotations omitted).

When a plaintiff is proceeding *pro se*, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A *pro se* plaintiff will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez v. Smith*, 203 F.3d 1112, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I. Procedural Deficiency

Pursuant to Federal Rule of Civil Procedure 10(a), "[t]he title of a complaint must name all the parties." As to all other pleadings, the title, "after naming the first party on each side, may refer generally to other parties." *Id.* As noted, Plaintiff does not name all of the Defendants in the title of his Complaint. As such, Plaintiff's Complaint does not comply with Rule 10.

### II. Substantive Deficiency

Inmates have a fundamental right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Lewis v. Casey*, 518 U.S. 343, 346 (1996). In order to state a claim for denial of access to the courts, a plaintiff must show that he suffered an "actual injury" as a result of the defendants' actions. *Lewis*, 518 U.S. at 354-55. In order to establish an "actual injury," an "inmate must show

3 - ORDER TO DISMISS -

that official acts or omissions 'hindered his efforts to pursue a [non-frivolous] legal claim.'" *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009) (quoting *Lewis*, 513 U.S. at 351).

The right of access to the courts is limited to "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356. Moreover, *Bounds* requires only that jail or prison officials provide resources adequate to "meet minimum constitutional standards sufficient to provide meaningful, though perhaps not 'ideal,' access to the courts." *Phillips*, 588 F.3d at 656 (citing *Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851, 856 (9th Cir. 1985)). Prisoner are guaranteed "no particular methodology, but rather the conferral of a capability – the capability of bring contemplated challenges." *Phillips*, 588 F.3d at 655.

Plaintiff fails to allege facts supporting a claim that he was denied his constitutional right of access to the courts. In his first claim, although Plaintiff was initially denied an indigent envelope to send his supplemental *pro se* brief to his attorney, Plaintiff affirmatively alleges that he did not suffer any injury. His attorney was able to obtain an extension of time, and Plaintiff ultimately succeeded in filing the brief. As to his attempted correspondence with the Attorney General, Plaintiff does not allege he suffered any actual injury. As such, Plaintiff's first claim fails to allege facts establishing a violation of his right of access to the courts.

In his second claim, Plaintiff alleges the law library and inmate legal assistants at TRCI are inadequate. Plaintiff does not, however, allege any facts suggesting he suffered any actual injury occurred. Law libraries and legal assistance programs are only the means of ensuring access to the courts. *Lewis*, 518 U.S. at 351. Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that

4 - ORDER TO DISMISS -

his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* In the absence of actual injury, Plaintiff's second claim fails to allege facts establishing a violation of his right of access to the courts.

## **CONCLUSION**

Based on the foregoing, the Court DISMISSES Plaintiff's Complaint for failure to state a claim upon which relief may be granted. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding.

IT IS SO ORDERED.

DATED this ___ day of February, 2018.

Michael H. Simon
United States District Judge